IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02472-WDM-CBS

In Re:

RHINEHART M. MORITZ,
ROSALIND C. MORITZ,

Debtors,

PAUL T. GEFREH

    Plaintiff,

v.

STEPHEN H. SWIFT, et al.,

    Defendants.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

Miller, J.

This matter is before me on the Motion to Dismiss/Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b) (doc no 28) filed by Defendants Stephen H. Swift's and Stephen H. Swift, P.C. ("Defendants" or "Swift") and Plaintiff's Cross Motion for Partial Summary Judgment Regarding Liability Pursuant to Fed. R. Civ. P. 56(c) (doc no 36). The motions are full briefed between Plaintiff and Defendants Swift but Defendant Debtor Rosalind C. Moritz ("Mrs. Moritz" or "Debtor") did not participate[1]. Upon review of the parties' filings, I conclude oral argument is not required. For the

---

[1] Debtor answered and made crossclaims against Defendants Swift for malpractice and is seeking at least some of the same damages sought by Plaintiff. I note that there has been no objection to Debtor's late filing of her responsive pleading or to her assertion of crossclaims against the Defendants.

reasons that follow, Defendants' Motion to Dismiss/Motion for Summary Judgment will be granted in part with respect to the issue of damages. Plaintiff's Motion for Summary Judgment will be denied.

Background[2]

This is an attorney malpractice case arising out of the Chapter 7 bankruptcy petition of Rosalind C. Moritz and Rhinehart M. Moritz ("Debtors"). Defendants were retained by Debtors to file and represent them in the bankruptcy proceeding. Plaintiff is the appointed Chapter 7 Trustee of the Debtors' bankruptcy estate.

Debtors were approximately 79 years old in May 2005 when they first met with Defendant Stephen Swift regarding filing for bankruptcy. Debtors' sole source of income was pension and Social Security benefits. Mr. Moritz had been diagnosed with lung cancer; there is a dispute as to whether Debtors informed Swift about the gravity of Mr. Moritz's various health conditions. Mr. Moritz was moved to a nursing home in September 2005. Shortly thereafter, on October 4, 2005, Debtors executed a fee agreement with Defendants. Although it is undisputed Mr. Moritz was terminally ill, the parties dispute whether Swift knew or should have known this at the time. The bankruptcy petition was filed on October 15, 2005. Mr. Moritz died on December 6, 2005.

The crux of Plaintiff's claim is that Defendants negligently failed to properly investigate and/or to report Debtors' financial position and assets on the bankruptcy schedules. Specifically, Defendants allegedly failed to report and list as exempt a life

---

[2]The facts set forth herein are taken from the parties' briefs and attached exhibits and are undisputed for the purposes of summary judgment, unless otherwise noted.

insurance policy on Mr. Moritz held by the Office of Personnel Management ("OPM policy"), which was used to secure a purchase money loan to acquire a manufactured home, a life insurance policy on Mr. Moritz from Prudential Life ("Prudential Policy"), a Jackson Life Insurance policy on Mrs. Moritz with a cash value of approximately $4738 ("Jackson Policy"), and the death benefits on a military pension payable to Mr. Moritz. Plaintiff also claims that Defendants negligently listed the purchase money loan on the manufactured home as a secured claim, rather than an unsecured claim, without ever actually examining the underlying loan documents.[3] Defendants also never amended the Debtors' schedules to include these various assets or claim them as potentially exempt, even after the death of Mr. Moritz.

Mrs. Moritz has apparently received proceeds from the various policies and pensions, which the Plaintiff, as Trustee, claims for the bankruptcy estate and has sought to recover through motions to compel and adversary proceedings. The Bankruptcy Court ordered Mrs. Moritz to turn over these amounts to the Plaintiff as Trustee. Plaintiff filed the complaint against Defendant for negligence in an adversary proceeding in the bankruptcy court.[4] On July 7, 2008, Plaintiff also filed an adversary complaint against Mrs. Moritz to revoke her discharge.

---

[3] The parties to the sale of the home and the loan apparently did not consult a lawyer for this transaction. Defendants' expert opines that the security interest was never perfected.

[4] Because Defendants requested and are entitled to a jury trial, and the bankruptcy court cannot conduct a jury trial, the reference of the adversary proceeding to the bankruptcy court was withdrawn and the matter will be heard in this court. (Doc no 6).

## Standard of Review

Defendants seek dismissal based on the pleadings, or, in the alternative, for summary judgment if evidence beyond the pleadings is considered. Because I will consider evidence submitted by both parties, I will treat both motions as motions for summary judgment. Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A factual issue is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying 'a lack of evidence for the nonmovant on an essential element of the nonmovant's claim.'" *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)). Then, "[t]o avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Id*.

## Discussion

1. Defendants' Motion for Summary Judgment

Defendants seek summary judgment on the grounds that the damages sought by Plaintiff in this malpractice action are the same as the otherwise exempt assets that Plaintiff has recovered or seeks to recover for the estate. In other words, because any alleged loss to Mrs. Moritz is a benefit to the estate, Plaintiff essentially would obtain a double recovery by obtaining damages for those same losses from Defendants Swift. I

agree with Defendants that to the extent that Plaintiff's alleged damages are duplicative of assets already received or to be received by the estate, such damages should not be recoverable by Plaintiff from Defendants Swift.

The parties do not dispute that Colorado law governs here. "In a legal malpractice action, the amount of damages is generally the amount of the judgment entered against the plaintiff in the underlying case." *Scognamillo v. Olsen*, 795 P.2d 1357, 1360 (Colo. App. 1990). Plaintiff's allegations and arguments make clear that he considers Mrs. Moritz's damages to be primarily the amounts she has to turn over to the estate as a result of Defendants' alleged negligence in failing to list and claim exemptions for these assets. Here, however, rather than a judgment payable to a third party, the recipient of Mrs. Moritz's losses is the estate itself, represented by Plaintiff as the Trustee. To permit Plaintiff to seek as damages the value of assets already recovered would clearly be a double recovery and a windfall, which is inconsistent with Colorado law of damages and equity. *See, e.g., Department of Health v. Donahue*, 690 P.2d 243, 250 (Colo. 1984) ("Where a legal injury is of an economic character, as here, legal redress in the form of compensation should be equal to the injury."); *In re Metropolitan Environmental, Inc.* 293 B.R. 896, 899 (Bankr. N.D. Ohio 2003) (basic principles of equity support the position that trustee is not entitled to recover against defendant when estate was already otherwise remunerated for same losses, and would allow estate a double recovery).

In response, Plaintiff argues that a trustee in bankruptcy stands in the shoes of the debtor and is entitled to assert the debtor's interest in a cause of action for legal malpractice and claim the damages for the estate. There is no doubt that this is the law

but Plaintiff does not respond to Defendants' argument and case law regarding this possible double recovery. Moreover, the legal principle entitling the trustee to assert the debtor's claim for the benefit of the estate does not mean that I must ignore the reality that it is the estate itself, also represented by the Trustee, that has received (or is to receive) the assets lost by Mrs. Moritz. To hold otherwise would create a perverse incentive for the Trustee to seek to claim more otherwise exempt assets from the Debtor in order to maximize the possible recovery from Defendants. This would seriously undermine one of the main goals of bankruptcy, which is to give the debtor a fresh start. *See, e.g., In re Barker*, 301 B.R. 892, 897 (Bankr. D. Colo. 2003) ("It has even been said that, in addition to the trustee's duty to fairly and expeditiously administer the estate, the trustee also has a general duty not to unduly burden the debtors' fresh start."); *In re Griggs*, 168 B.R. 174, 176 (Bankr. S.D. Ohio 1994) ("In chapter 7 liquidation cases, the Court has two concerns: one, that the Trustee fulfill his or her obligation to administer nonexempt assets for the benefit of creditors as expeditiously as practicable, and two, that the debtors receive a 'fresh start' by virtue of their discharge of prepetition obligations and maintenance of all exempt assets). Although Plaintiff cites a number of cases in which a bankruptcy trustee was entitled to assert a debtor's malpractice cause of action against the debtor's attorney, none of the cited cases addresses the situation presented here.

It appears that Plaintiff and Debtor both agree that if Defendants Swift had acted properly, the disputed assets would not be in the bankruptcy estate. Therefore, recovering these assets already puts the estate in a better position that it would have been absent Defendants Swift's alleged negligence. To allow further recovery would

double the windfall and not compensate the person who actually suffered the loss, which is Mrs. Moritz.

Plaintiff also argues that Defendants' misconduct should not go unpunished. Limiting Plaintiff's damages to avoid duplicity, however, does not mean that Defendants would not be punished in the event that liability is found. First of all, Defendants Swift would be liable for all non-duplicative damages to Plaintiff and, if Debtor is also successful, liable for her damages, potentially including the value of what should have been exempt assets. Also, a judgment of malpractice would have serious consequences for Defendants in terms of their standing with the state's licensing and attorney regulation authorities, as well as financial repercussions with their malpractice insurance carrier. As for harm to Mrs. Moritz, Plaintiff is in the best position to mitigate that harm by, for example, permitting amendment of her schedules to properly claim exemptions for the disputed life insurance policies and death benefits and by permitting her discharge to stand.

My ruling here is limited only to the issue of duplicative damages. I do not hold that the claimed policies/benefits are or are not exempt or, as discussed further below, make any finding of negligence. In addition, since the effect of Mrs. Moritz's crossclaim was not raised in the briefing, I make no rulings regarding her lawsuit or potential damages. It appears that there are some damages claimed by Plaintiff, such as the amounts paid by Debtors as fees to Defendants, that may not have been turned over to the estate and would therefore be recoverable in this malpractice case by Plaintiff as Trustee. Accordingly, I will not dismiss Plaintiff's complaint or enter judgment in favor of Defendants but will limit Plaintiff's damages to only those losses of Mrs. Moritz not

already recovered or recoverable by the estate.

    2.    <u>Plaintiff's Motion for Summary Judgment</u>

Plaintiff also moves for summary judgment, arguing that the undisputed facts show that Defendants were negligent in their handling of the Debtors' bankruptcy. However, as noted by Defendants, there are a number of disputed issues of fact, including the central question of whether Defendants' conduct fell below the applicable standard of care. The parties have each submitted expert reports containing conflicting opinions about what a reasonable attorney would or should have done in these circumstances. Moreover, there are factual disputes about what the result would have been had Debtors never filed for bankruptcy. Under these circumstances, a determination of liability is not possible on summary judgment.

Accordingly, it is ordered:

1. Defendants Stephen H. Swift's and Stephen H. Swift, P.C.'s Motion to Dismiss/Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 12(b)(6) and 56(b) (doc no 28) is granted in part. Plaintiff may not recover as damages in Plaintiff's malpractice lawsuit any assets recovered by the estate from Debtor as a result of Defendants Swift's malpractice.

2. Plaintiff's Cross Motion for Partial Summary Judgment Regarding Liability Pursuant to Fed. R. Civ. P. 56(c) (doc no 36) is denied.

DATED at Denver, Colorado, on March 5, 2009.

                                  BY THE COURT:

                                  s/ Walker D. Miller
                                  United States Senior District Judge